The opinion of the Court was delivered by
Mr. Justice Bay.
I am of opinion, that the declaration of Wade, when he made the contract, “ that he knew the titles as well as any one,” ought not to be taken conclusively against him, as an agreement to run *437 all possible hazards, although it might be considered as one to run all ordinary risks, of a rular title down from Jllkin, upon his receiving a Sheriff’s deed, but he did not receive the Sheriff’s deed, upon the tender of the order from Dawson, owing to some difficulty arising from the going out of the old Sheriff and the coming in of a new one. Here a difficulty occurred, and a consequent delay, not occasioned by Wade, but by circumstances over which he neither had nor could have any control. In the intermediate time, however, while this difficulty remained in the way, a third party stepped in, General Hampton, who entered, and claimed a right to the premises. Which of these two parties, then, under these circumstances, vras to contest the right or claim of General Hampton f If the delay had been occasioned by Wade, before General Hampton entered, then I should be of opinion he would have been bound to establish the right under the titles he was willing to accept of. But as it does not appear to have been owing to any neglect or laches in Wade, Dawson appears to me bound to give him a legal possession, before he could be entitled to the consideration-money. It is a general and established rule in Equity, that the Court will never force upon a man a disputed title, or decree him to pay money until the title is clear and regular; so in a case of this sort, in a Court of Common Law, where this kind of equi *438 table defence is permitted to be made, the Court # * will never compel a man to pay money on such a contract until the title is clear and regular. °
am, therefore, of opinion, that the verdict should be set aside, and a new trial granted.
Grimké, Colcoclc, Johnson, and Cheves, J. concurred.